PETER A. GRANT *vs*. CITY OF STILLWATER.

May 28, 1886.

**Municipal Corporation—Streets—Obstructions.**—If stone or other material be deposited in a street in such a way as to render the street unsafe for travel, it is the duty of the city to exercise reasonable diligence in causing the street to be restored to a safe condition.

**Same—Temporary Deposits of Building Material.**—The fact that the temporary deposit of such material, if done in a reasonable and proper way, may be a legitimate use of the street, and that the city has licensed such use, does not relieve it from this duty.

.Plaintiff brought this action in the district court for Washington county, to recover damages for injuries to a horse and cutter alleged to have been caused by the negligence of the defendant in leaving a street in an obstructed and dangerous condition. At the trial before *McCluer*, J., the plaintiff had a verdict, and defendant appeals from an order refusing a new trial.

*C. P. Gregory*, for appellant.

*Searles, Ewing & Gail*, for respondent.

MITCHELL, J. The evidence tended to show that the owner of a lot abutting on Main street, opposite the Omaha depot, in Stillwater, being about to excavate a cellar or cave on his property, obtained a license from the city council to temporarily deposit the rock and dirt upon the street in front of his lot. The pile which he deposited was some eight or ten feet high, and extended out nearly to the centre of the street, leaving as a way for travel the other half of the street, some twenty-five feet in width between this pile of rock and the railroad depot. This pile had been there about two weeks, when, on the night of February 17th, between 8 and 9 o'clock, as plaintiff was driving along this street, his horse was startled by the noise of a locomotive at the depot, and shied, bringing the cutter in collision with the stone pile, causing it to upset, and the horse to fall down, when he came in contact with some loose rocks, which had rolled down from the pile into the street, thus causing the injury complained of. There

were no guards around, nor lights upon, this pile of rock and earth, and the street lamps, at some distance away, shed a very imperfect light upon it. The evidence also tends to show that the city authorities had notice of the fact and manner of depositing and maintaining this material on the street.

The exceptions are wholly to the charge of the court to the jury. Most of them are general exceptions to quite long portions of the charge, which involved more than one legal proposition. The brief of appellant contains no assignment of errors. Under these circumstances, it is rather difficult to apprehend exactly what points appellant designed to raise.

His first and main point seems to be that the court below ignored the fact that the deposit of the material might be a lawful use of the street, or that the city had any authority, under any circumstances, to permit such a use of it, and in his charge to the jury treated the deposit of such material in the street as necessarily and *per se* a nuisance. This contention is based upon an entire misapprehension of the facts. The court expressly recognized the fact that this would be a lawful use of the street, if done in a reasonable and proper way. He also expressly instructed the jury that the city council had authority to permit such use, if the street be left in a safe and passable condition, and proper care and precautions were taken to avoid, as far as may be, any injury resulting from the obstruction; and, in support of these propositions, read to the jury, as the law, section 730 (581,) of Dillon on Municipal Corporations. But the court then proceeded to further charge the jury, in substance, that the exercise of this authority will not justify leaving a street in an unsafe or dangerous condition, and, after referring to facts as disclosed by the evidence, left it to the jury to determine whether the city was negligent in allowing the street to become and remain in an unsafe and dangerous condition. This the appellant complains of, for the reason that it submitted to the jury matters which were wholly within what he calls the "political discretion" of the city council in determining how the streets shall be used, which discretion they had, in this instance, exercised by granting this license.

It seems to us that the real question in this case has been obscured

by giving undue prominence to this license, and to the consideration of the question whether or not it was within the provisions of the city ordinance on that subject. It strikes us these matters have very little to do with the case. It was the duty of the city to use reasonable diligence to keep its streets in safe condition for use by the public. The alleged neglect of this duty is the gist of plaintiff's cause of action. As to the duty of the city in this respect, it could make no possible difference whether this material was placed in the street with or without a license from the city. In either case, if it was deposited or kept in such condition as to render the street unsafe and dangerous, it would be the duty of the city to cause the street to be made safe for use; and if it neglected to do so after it had notice, or was chargeable with notice, of the facts, and injury resulted to any person from this neglect, the city would be liable. The fact that the city council had granted a license to use this street for the deposit of this material neither suspended nor abrogated the duty of the city to exercise reasonable care to keep it in safe condition. *Village of Seneca Falls* v. *Zalinski*, 8 Hun, 571. Therefore the question whether the city was chargeable with negligence was, under the evidence, properly submitted to the jury. This disposes of all the points made by appellant which we deem of sufficient importance to consider here.

Order affirmed.