MINNIE McDOWELL v. VILLAGE OF PRESTON.[1]

May 15, 1908.

Nos. 15,657—(178).

**Nuisance—Negligence of Defendant.**

A building or other similar structure erected and maintained in a public street of a municipality by a third party for his private use is a nuisance, although sufficient space be left for the passage of vehicles and persons, and the municipality is guilty of negligence, if, with notice thereof, it permits the street so to be obstructed.

**Liability of Defendant.**

Where a horse takes fright, without fault of the driver, at something for which the municipality is not responsible, and gets beyond the control of the driver, runs away, and comes in contact with some obstruction or defect in the street which is there by the negligence of the municipality, it is liable for the resulting injury, if it would not have been sustained except for such negligence.

**Verdict Sustained by Evidence.**

The plaintiff herein was injured by her horse running away and the buggy in which she was riding coming in contact with a building in one of the streets of the defendant, whereby she was thrown to the ground. *Held*, that the verdict to the effect that she was not guilty of contributory negligence, and that the defendant was guilty of negligence which was the proximate cause of her injury, is sustained by the evidence.

Action in the district court for Fillmore county to recover $5,000 for personal injuries. The case was tried before Kingsley, J., and a jury which returned a verdict in favor of plaintiff for $1,400. From an order denying its motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*Gray & Thompson,* for appellant.

*John W. Hopp,* for respondent.

START, C. J.

Action brought in the district court of the county of Fillmore to recover damages for personal injuries which the plaintiff claimed she had sustained by reason of the alleged negligence of the defend-

[1] Reported in 116 N. W. 470.

ant in permitting one of its public streets in general use as such to be obstructed by a building therein. The jury returned a verdict for her in the sum of $1,400, and the defendant appealed from an order denying its motion for judgment notwithstanding the verdict or for a new trial.

The undisputed evidence establishes these facts: A merchant in the defendant village, preparatory to the erection of a brick business block to better accommodate his business, erected, in April, 1907, in one of the public streets of the defendant, which was forty nine and one half feet wide, a temporary building in which to carry on his business as a retail hardware merchant. After the building was so erected in the street the passageway thereon between the building and the curb of the street was ten feet and nine inches wide at the north end thereof, and some fourteen feet wide at other points, and afforded, under ordinary conditions, a safe way for the passage of teams and vehicles. This building was so built, occupied, and used by the merchant until after the plaintiff was injured on July 14, 1907, with the knowledge of the village officers, but they never gave any express permission for its erection and continuance in the street. On the day last named the plaintiff, with her mother, who was driving, was riding in a single buggy along the street when the horse became uncontrollable, ran away, and the buggy collided with the building in the street, whereby she was thrown to the ground and seriously injured.

There was also evidence tending to show that at or about the time the horse started to run either the plaintiff or her mother attempted to raise an umbrella; and, further, that each of them had hold of the lines while the horse was running away, and that they were calling for help. The trial judge charged the jury that the defendant was guilty of negligence in allowing the building to remain in the street for the length of time that it did. He also submitted to the jury the questions whether such negligence was the proximate cause of the plaintiff's injury, and whether she and her mother, or either of them, were guilty of contributory negligence, and charged the jury that, if the obstruction was not the proximate cause of the injury, or if the horse ran away in consequence of the negligence of the plaintiff or her mother, the plaintiff could not recover. We are not prepared to say as a matter of law that the undisputed evidence was such that,

if the mother was negligent, her negligence would be imputed to the plaintiff. The jury, however; necessarily found by their verdict that neither the plaintiff nor her mother was guilty of contributory negligence, and the verdict in this particular is sustained by the evidence. It must, then, be assumed, in considering the other alleged errors urged by the defendant, that the plaintiff and her mother lost control of the horse, and that he ran away without any negligence on the part of either of them.

1. The first contention of the defendant to be considered is that the court erred in charging the jury that the defendant was negligent in permitting the building to be erected and maintained in the public street. The instruction was correct. The evidence as to the defendant's alleged negligence was undisputed, and the legal inference therefrom is that the defendant was negligent as charged. Cleveland v. City of St. Paul, 18 Minn. 255 (279); Moore v. City of Minneapolis, 19 Minn. 258 (300); Grant v. City of Stillwater, 35 Minn. 242, 28 N. W. 660; Cunningham v. City of Thief River Falls, 84 Minn. 21, 86 N. W. 763. The record does not present a case of a reasonably necessary and temporary obstruction of a public street which is incident to its improvement or the improvement of an abutting lot. On the contrary, it is a case where a merchant, desiring to erect a new building on his lot, builds and maintains a structure in the street in which to conduct his business until he can complete his new building and it is ready for use. He so maintained and used the building in the street for some three months before the accident happened with the knowledge of the defendant village. Such a structure, so erected and maintained in a public street, is a nuisance, although sufficient space be left for passage of vehicles and persons, and the village is guilty of negligence, if, with notice thereof, it permits the street to be so obstructed. Dillon, Mun. Corp. §§ 383, 660.

2. The second claim of the defendant is to the effect that it was entitled to a directed verdict in its favor, because the evidence conclusively shows that the proximate cause of the plaintiff's injury was the running away of the horse, and not the obstruction in the street. Counsel in this connection insist that the law is that: "Where a horse by reason of fright, disease, or viciousness, becomes actually uncontrollable so that his driver cannot stop him, or direct his course, or

regain control over his horse, and in this condition comes upon a defect in the highway by which an injury is occasioned, the town is not liable for the injury, unless it appears that it would have occurred if the horse had not been so uncontrollable." This is the law in Massachusetts, Maine, Wisconsin, West Virginia, and perhaps some other states.

It would seem, however, upon principle and the weight of judicial authority, that, where a horse takes fright, without fault of the driver, at something for which the municipality is not responsible, and gets beyond the control of the driver, runs away, and comes in contact with some obstruction or defect in the street, which is there by the negligence of the municipality, it is liable for the resulting injury if it would not have been sustained except for such negligence. City of Denver v. Utzler, 38 Colo. 300, 88 Pac. 143, 8 L. R. A. (N. S.) 77, and notes. Such is the law in this state, whatever may be the rule elsewhere. It is based upon the principle that, where several concurring acts or conditions of things, one of them a wrongful act or omission, produce an injury, such wrongful act or omission is to be regarded as the proximate cause of the injury, if it be one which might reasonably have been anticipated from such act or omission, and which would not have occurred without it. Maher v. Winona & St. Peter R. Co., 31 Minn. 401, 18 N. W. 105; Campbell v. City of Stillwater, 32 Minn. 308, 20 N. W. 320, 50 Am. 567; Johnson v. N. W. Tel. Exch. Co., 48 Minn. 433, 51 N. W. 225; Moore v. Townsend, 76 Minn. 64, 78 N. W. 880.

Counsel for defendant urges that the rule stated has been changed by the decisions of this court in the cases of Hansen v. St. Paul Gaslight Co., 82 Minn. 84, 84 N. W. 727, and LaLonde v. Peake, 82 Minn. 124, 84 N. W. 726. Each of those cases is, upon its facts, clearly distinguishable from the one at bar. The defendant in this case having been guilty of negligence which was the proximate cause of plaintiff's injury, it is liable therefor, although it could not have reasonably anticipated that injury would result in the particular way in which it did, in fact, happen. Christianson v. Chicago, St. P., M. & O. Ry. Co., 67 Minn. 94, 69 N. W. 640; Paquin v. Wisconsin Central Ry. Co., 99 Minn. 170, 108 N. W. 882.

Order affirmed.