## T. J. KILLEEN v. CITY OF ST. CLOUD.[1]

February 9, 1917.

Nos. 20,150—(238).

**Municipal corporation — obstruction in street — duty of city.**

1. It is the duty of those who place building material in a city street to guard it by lights or other proper warning signals during the hours of darkness, but this fact does not absolve the city from the duty to exercise reasonable care to keep its streets safe for public use.

**Same — notice to city.**

2. In such case, however, the city is not liable unless it knew, or ought to have known, that those who placed the material in the street failed to properly guard it.

**Same — question for jury.**

3. Where an injury occurred because such an obstruction was unguarded at night, and the evidence shows that it had remained unguarded for several preceding nights, whether the city was chargeable with notice that the obstruction was unguarded was a question for the jury.

**Damages not excessive.**

4. There were no reversible errors, and the verdict is not so clearly excessive as to warrant this court in disturbing it.

Action in the district court for Stearns county to recover $2,720 for personal injuries received while driving at night along a public street. The defendant city obtained an order directing Holy Angels Congrega-

[1]Reported in 161 N. W. 260.

tion, a religious corporation, and the individual members of its special building committee, to show cause why they should not be made additional parties to the action. After a hearing, the court found that these persons did not maintain any obstruction in the street and discharged the order. The case was tried before Roeser, J., who at the close of the testimony denied the motion of defendant Hirt to dismiss the action as to him and granted the motion of defendants Sherbing to direct a verdict in their favor, and a jury which returned a verdict for $1,600 against defendant city. From an order denying its motion for judgment notwithstanding the verdict or for a new trial, defendant city appealed. Affirmed.

*R. B. Brower,* for appellant.

*H. H. Sullivan,* for respondent.

TAYLOR, C.

A school building was about to be erected on Seventh avenue north in the city of St. Cloud, and, under permission from the city commissioner having charge of the streets, a quantity of building sand had been deposited in the street adjacent to the site of the proposed building. Plaintiff, driving a horse and buggy along the street after dark, ran into this pile of sand, and his buggy was overturned and he was thrown out and injured. He brought suit for damages and recovered a verdict against the city. The city made an alternative motion for judgment notwithstanding the verdict, or for a new trial, and appealed from an order denying its motion.

The negligence charged was the failure to place lights at the obstruction as a warning to travelers.

It was the duty of those who caused this sand to be piled in the street to guard travelers against injury by maintaining lights, or other proper warning signals, at the obstruction during the hours of darkness; but it was also the duty of the city to exercise ordinary care to keep its streets safe for public use; and the fact that the duty to provide and maintain guards rested primarily upon those who had caused the obstruction, did not absolve the city from its duty to exercise reasonable care to keep its streets safe. Cleveland v. City of St. Paul, 18 Minn. 255 (279); Grant v. City of Stillwater, 35 Minn. 242, 28 N. W. 660; Hillstrom v. City of St. Paul, 134 Minn. 451, 159 N. W. 1076.

The city correctly contends that it lawfully permitted the sand to be deposited, temporarily, in the street adjacent to the proposed building; that those who caused it to be placed there were required to provide and maintain proper guards; and that the city is not chargeable with negligence unless it had actual or constructive notice that those upon whom the duty rested to guard the obstruction had failed to do so. The city insists that it had no actual notice that the obstruction was unguarded, and that the evidence does not warrant a finding that it had constructive notice of that fact.

The court submitted the case to the jury upon all the questions presented, under proper instructions, and the real question here is whether the evidence was sufficient to warrant the jury in finding that the city was chargeable with notice that the obstruction was unguarded. An attentive examination of the record satisfies us that the evidence disclosed facts and circumstances from which the jury could reasonably impute such notice to the city. The city officials knew that the sand was being deposited in the street. There is evidence from which the jury could find that it had remained unguarded for several nights; and it was for them to say whether, in the exercise of proper diligence, the city knew or ought to have known that such was the fact.

We think the court made no reversible error in giving or refusing instructions. So far as the instructions refused were important and applicable, they were covered with sufficient fullness and accuracy in the general charge.

The city also contends that the injuries were not sufficiently serious to justify a verdict in the amount returned. The determination of the amount of damages is peculiarly within the province of the jury, and, when their verdict has been approved by the trial court, this court interferes only when it can say that the verdict is not within reasonable limits. In addition to minor injuries, plaintiff suffered a fracture of two ribs, a partial dislocation of his left shoulder, and such injuries to the ligaments that connect his left arm to his shoulder that the movement and use of the arm is permanently impaired. He was earning $125 per month at the time of the injury, was laid up for three months, and has not received full pay since. The facts do not warrant this court in disturbing the verdict. The order appealed from is affirmed.