YOUNG v. THE ST. LOUIS, K. C. & N. RAILWAY CO.

1. **Railroads:** LIABILITY WHEN NOT FENCED. The liability of a railroad company for injuries to stock, under section 1289 of the Code, attaches when the want of a fence, in connection with the acts of the company's agents, is the proximate cause of the injuries.

2. ———: ———: RULE APPLIED. A horse went upon defendant's track, which was not fenced, before a train, and ran ahead of the train until it fell into a bridge and received injuries from which it died; there was but a single narrow passage down the fill of the road affording an avenue of escape between the point where the horse went upon the track and the bridge; the train was stopped before it reached the horse: *Held*, that the railroad company was liable.

*Appeal from Wapello District Court.*

THURSDAY, OCTOBER 5.

ACTION to recover double the value of a horse killed upon defendant's railroad.

The horse, with some four others, came upon defendant's railroad from a public highway. There was no cattle guard or fence to prevent the passage of stock from the public road to defendant's railroad on the right of way of said road, nor was the said road or right of way fenced between the highway and the place of injury; but the defendant had the right to fence the same.

Just prior to the occurrence of the injury, the said horse and four others were on the defendant's right of way between the public highway and a bridge in the defendant's road. The defendant's passenger train, going south, passed across the public highway toward the bridge.

The engineer on the train sounded the whistle of his engine in the usual way to drive stock from the track. The sounding of the whistle and rapid approach of the train caused the horses to run rapidly along the track. The plaintiff's horse ran upon the bridge and fell among the timbers, and received injuries of which it died. There was a narrow passage down the side of the fill of the railroad, leaving the track at a point

thirty feet north of the bridge, where two of the horses escaped from the track; while plaintiff's horse and two others, being behind, kept the track until they ran upon the bridge.

The bridge was so constructed as to leave nothing but cross ties a foot or more, apart to cross upon. The train stopped about fifteen feet before reaching the bridge, but not until after it passed the point where the passage way was by which the other two horses escaped from the track.

Trial without a jury. Judgment for plaintiff. Defendant appeals.

*Trimble & Carruthers*, for appellant.

*Chambers & McElroy*, for appellee.

ADAMS, J.—It is contended by defendant that, as there was no collision between its train and the plaintiff's horse, it is not liable. In *Peru & Indianapolis R'y Co. v. Hasket*, 10 Ind., 409, the defendant's horse, being on the track where the company had a right to fence, and being frightened by the approach of the train, ran ahead of it a short distance, and in attempting to jump a culvert fell off one side of the track and was injured by the fall, the train not coming in collision with it. It was held that the company was not liable.

The statute provided for the recovery of damages where "an animal shall be killed or injured by the cars, locomotives or other carriages."

The decision turned upon the words quoted. It was thought that the use of those words indicated that there must be an actual collision to give a right of recovery.

Our statute is so unlike the Indiana statute we cannot regard that case as authority.

A similar case, however, arose in Missouri, and under a statute substantially like ours, *Lafferty v. H. & St. J. R'y Co.*, 44 Mo., 292. The petition averred that the animal "was frightened by the cars and engine of the defendant, and in getting off the track of said railroad was injured." The defendant demurred to the petition, and the demurrer was sustained.

Section 1289 of our Code provides that "any corporation operating a railway, that fails to fence the same against live stock on all points where such right to fence exists, shall be liable to the owner of any such stock injured or killed by reason of the want of such fence."

The question for our determination is, was the plaintiff's horse injured by reason of a want of a fence. Had the horse strayed upon the track at the same point and been killed by lightning, it is evident the company would not have been liable, and yet it is equally evident that if defendant's track had been properly fenced the horse would not have been killed. In one sense, then, the horse would have been killed by reason of a want of fence. Again, if the plaintiff's horse had, while in a frolic with other horses, run upon the track and run into the bridge and been injured, the company would not have been liable. Still, it would be true that in one sense the horse would have been injured by reason of a want of a fence.

When, then, may it be said that an animal is injured by reason of a want of a fence, within the meaning of the statute? 1. RAILROADS: liability when not fenced. It is when the want of a fence in connection with the acts of the defendant is the proximate cause of the injury. The defendant in this case would not have been liable if the horse had run into the bridge and been injured simply through a frolic or freak, because the defendant would have had no reason to apprehend the occurrence of an injury in that way. But when they left the track unfenced, they knew that horses would probably stray upon it from the highway, and if there was only one narrow passage for escape from the track when the train approached, they knew that horses on the track would naturally be driven upon the bridge, and if it could be crossed only upon cross ties a foot or more apart, they would naturally fall into the bridge and be injured. All this, in the exercise of reasonable foresight, should have been foreseen.

It is claimed, however, by appellant, that the evidence does not show that there was only one narrow passage for escape from the track. The evidence on this point is very meager, but we think that the reasonable inference from it is, that

there was no convenient place of escape except the narrow passage way. If there was any other place, the evidence does not show it. Such, then, being the character of the track, it was entirely natural that the plaintiff's horse should be driven by that passage and upon the bridge. If there had been ample opportunity for the horse to escape from the track, and yet it had run into the bridge, contrary to the ordinary conduct of horses, the case would have been different.

In *Lafferty v. H. & St. J. R'y Co.*, we have only the averment that the animal was frightened by the cars and engine of the defendant, and in getting off the track of the railroad was injured. We cannot say that the averment showed a liability on the part of the company. The injury might or might not have been the proximate result of the company's failure to fence, in connection with the operation of the road. It depended upon facts which the petition failed to state. It is true, the case seemed to turn upon the fact that the petition did not show a collision; but most certainly the damage might be proximate without a collision. Suppose, in the case at bar, there had been no way of escape at all from the track; the injury would have been no more remote than if the horse had been taken up by physical force and thrown into the bridge. What a horse would naturally do under the circumstances, is the test as to whether the damages are proximate or remote.

While the evidence in this case leaves a possible doubt on that subject, we are inclined to think that the judgment of the court below is correct.

AFFIRMED.