JAMES CAMPBELL *vs.* THE NEW YORK & NEW ENGLAND RAILROAD COMPANY.

The matter of the fencing of their lines by railroad companies is wholly one of statute regulation. In the absence of a statute requiring it there is no duty to maintain fences.

Land was taken for a railroad track at a time when a statute was in force requiring railroad companies to fence their lines except where the railroad commissioners should determine that a fence was not necessary, and in the appraisal of damages to the land-owner nothing was allowed for the expense of maintaining a fence. The statute was afterwards repealed and a new one passed requiring railroad companies to fence only where the railroad commissioners should order it. Held that there was no obligation on the part of the railroad company to maintain the fence, in the absence of an order from the railroad commissioners.

ACTION for damages for the killing of a horse of the plaintiff, by the negligent running of a train of the defendants; brought to the Superior Court in Tolland County. The case was heard in damages, after a default, before *Beardsley*, *J.*, who found the facts and awarded only nominal damages. The plaintiff brought the record before this court by a motion in error. The case is fully stated in the opinion.

*M. R. West* and *D. Marcy*, for the plaintiff.

*G. W. Phillips*, for the defendants.

PARDEE, J. In 1862 the Rockville Branch Railroad Company took for railroad uses a piece of land by an appraisement which did not include the cost of fencing. The law then required all railroad companies to fence their lines except at points where the railroad commissioners should determine that there was no necessity for fencing. Soon after taking possession the company built a fence; in November, 1879, it leased its railroad to the defendant, the New York & New England Railroad Company, which is now operating it.

The plaintiff is the owner of land adjoining this railroad, and is the grantee of the person from whom the Rockville Branch Railroad Company took land. In 1880 the defendant did not maintain a sufficient fence between its own and the plaintiff's land, and in that year the horse of the latter went from his lot upon the railroad track and was killed by the defendant's engine. The plaintiff instituted this suit; the defendant suffered a default, and moved to be heard as to the damages; upon the hearing the plaintiff made no claim that the railroad commissioners had ever ordered the construction of a fence between his land and that of the defendant; the court found that the defendant was running the engine properly and without negligence; and assessed the plaintiff's damages at a nominal sum. He filed a motion in error.

The Rockville Railroad Company became the proprietor, upon payment of full consideration therefor, of the land upon which the plaintiff's horse was killed. It did not, in addition to such payment, come under any obligation, express or implied, to the person from whom it was taken, although he remained an adjoining proprietor, in reference to fencing. His rights and the duties of the railroad company in that regard were subjects of statutory regulation.

The statute as a matter of public policy, as a matter of protection to life and property, required the company to fence the land unless it could prove to the railroad commissioners that a fence was not necessary for that purpose and therefore be by them excused from erecting it. In 1875 the legislature changed its mode of securing public protection; an act was passed making it the duty of the railroad companies to fence wherever the railroad commissioners ordered them so to do. Since then, if the manner of use of its land by the defendant made it necessary to the full enjoyment by the plaintiff of his own that there should be a fence between them, it has been his right to show that fact to the railroad commissioners and their duty to make and enforce an order upon the company to erect and maintain one.

The plaintiff has never satisfied them that such fence is necessary; they have never ordered the defendant to build one; it therefore was guilty of no wrong to the plaintiff in using its land without one. In reference to the land in question the matter has at all times been one of obedience to a public statute; never one of keeping or breaking a contract with an individual; the obligation upon the railroad company to fence comes into existence, is modified, or goes out of existence, by the enactment, change or repeal of statutes.

There is no error in the judgment complained of.

In this opinion the other judges concurred; except CARPENTER, J., who dissented.