WILLIAM MAHER *vs.* WINONA & ST. PETER RAILROAD COMPANY.

January 14, 1884.

**Railroads—Duty to Fence.**—Rule of liability of a railroad company for failing to fence its road, stated in *Nelson* v. *Chicago, M. & St. P. Ry. Co.*, 30 Minn. 74, followed.

**New Trial.**—Where it is evident that the party applying for a new trial will not be benefited by it, it may be denied, though there was error in the first trial.

Appeal by defendant from an order of the district court for Brown county, *Webber,* J., presiding, refusing a new trial.

*Thomas Wilson,* for appellant.

*J. M. Thompson,* for respondent.

GILFILLAN, C. J. Plaintiff was travelling in his sleigh, drawn by two horses, along a highway beside the railroad of defendant, at a place where it was not fenced. A train of cars coming along, the horses became frightened, ran away, got beyond his control, and finally got away from him, ran upon and along the track and into a culvert, a part of the railroad, and one of them was killed and the other injured. There was nothing upon which to impute negligence to plaintiff. The court charged the jury that if the injury was sustained in consequence of the failure to maintain a fence on each side of the track, that if such failure was the proximate and direct cause of the injury, the defendant is liable, unless there was want of care on the part of the plaintiff; and that, if the injury was one which a man of ordinary experience and sagacity could have foreseen might probably ensue from the failure to fence, then the damage would be sufficiently proximate and direct to enable the plaintiff to recover. This instruction is within the rule of liability for failure to fence laid down in *Nelson* v. *Chicago, M. & St. P. Ry. Co.*, 30 Minn. 74. The jury found that the accident was of a character that ordinary experience and sagacity could have foreseen might probably ensue from failure to fence; in other words, one that might reasonably have been anticipated. That horses running away, and going upon and along the track and

v.31—26

into the culvert, would be injured thereby, is pretty certain; and we cannot say that, when frightened by a train of cars, and there being no fence to prevent them, the chance of their doing so is slight or remote.

From the record it is apparent that the jury assessed as damages the value of the horse killed, the value having been proved, and eight dollars for injuries to the other. The value of that horse, the character of the injuries, and that the plaintiff thereby lost the use of him for several weeks, were proved; but how much he was depreciated in value, and how much his use for that time would have been worth, were not proved. Strictly, without such proof, the jury could not assess the damages for his injuries. But as the injuries were substantial and serious, and the loss of his use undisputed, the sum assessed on his account seems trifling. It is evident that a new trial would not, on that point, result in any benefit to the defendant. Where such is the case, a new trial may be denied. Hilliard on New Trials, c. 3, §§ 17, 18; c. 14, §§ 65, 66, and cases cited.

Order affirmed.