[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 27 
The plaintiff turned his two horses, one an old horse and the other a three-year old colt, into the highway upon which his barn was situated, in order that they might go to a trough in a neighboring field to drink. After drinking they returned to the barn-yard, but, the barn-yard gate being still open, the colt wheeled and ran out again and the old horse followed, and both ran down the highway toward the canal. *Page 28 
The plaintiff pursued them and they turned to the left into the path along the canal and ran on the railroad track through a gap in the railroad fence. They then ran along the railroad track, the plaintiff still pursuing them, till they came to the railroad bridge across the canal. This bridge was designed only for the passage of railroad trains, and was composed of timbers and ties, the spaces between the ties being open and there being no planking. The old horse stopped and the plaintiff re-captured him, but the colt ran on the bridge. After putting a halter on the old horse and tying him to the fence, the plaintiff went after the colt and found that he had broken his legs by getting them into the open spaces between the ties on the bridge, and this action was brought against the railroad company to recover his value, on the ground that his injury resulted from the failure of the railroad company to maintain its fence. The judge at Circuit directed a verdict for the plaintiff for the value of the colt with interest, but afterward, on motion of the defendant, set aside the verdict on the minutes on the ground that the proof failed to establish a cause of action, and ordered a new trial. On appeal to the General Term this order was reversed, and judgment ordered for the plaintiff on the verdict.
We are of opinion that the order of the trial judge setting aside the verdict was correct. The fence, through the opening in which the plaintiff's colt escaped upon the railroad track, was not a division fence between the premises of the plaintiff and the railroad company, which were not adjacent to each other, and the company incurred no liability to the plaintiff by reason of the omission to maintain the fence, except such as is imposed by the statute. (Laws of 1850, chap. 140, § 44; Laws of 1854, chap. 282, § 8.) But for that statute there could be no pretense of any liability on the part of the company for the injury to the plaintiff's colt under the circumstances of the case. It was the duty of the plaintiff, by the common law, to keep his colt confined by fences, and the colt was a trespasser, if not the plaintiff in driving him on the defendant's bridge.
The statute referred to requires railroad companies to erect *Page 29 
and maintain fences on the sides of their roads, but it does not impose upon them a general liability for any consequences which may result from an omission to do so, nor does it leave the question open what liability to third parties they shall be subjected to for such omission, for it defines in express terms the consequences for which they shall be liable to owners of cattle and horses getting on the track. The terms of the statute are that "so long as such fences shall not be made, such railroad corporation and its agents shall be liable for damages which shall be done by the engines or agents of any such corporation to any cattle, horses, etc., thereon."
This language clearly requires some action on the part of the company to produce the injury, either by mechanical or other agents of its own, and, in our judgment, excludes the idea of liability for injuries which the cattle may do to themselves by straying on the track. The word "agent" of itself implies an actor. In the present case whatever action produced the injury was that of the colt in running on the bridge, or of the plaintiff himself in driving him there in the effort to re-capture him. It is entirely too strained an argument to contend that the track or the bridge was an agent of the company which did the damage.
The order of the General Term should be reversed and that of the Special Term affirmed.
All concur.
Ordered accordingly.