## LISTON v. THE CENTRAL IOWA R'Y CO.

1. **Railroads**: HORSE KILLED ON TRACK: "CRAZY" HORSE: NOT STRUCK BY ENGINE. Although a horse may be "crazy," if he gets upon the track of a railroad on account of the want of a fence, where the right to fence exists, and, for want of intelligence, runs ahead of the engine on the track, when he might escape on either side, and so runs into a bridge and is killed, without being struck by the engine, the company is liable, notwithstanding the horse's want of intelligence and the manner of his death.

2. **Practice**: EVIDENCE: ERROR IN EXCLUDING: ADMISSION OF FACTS BY OTHER PARTY. Error in excluding evidence is cured by the admission of the adverse party, filed later in the trial, of the facts which the excluded evidence tended to establish, and by a proper instruction in relation thereto.

3. ————: INSTRUCTIONS: INTENDED SPECIAL INTERROGATORIES BY MISTAKE WITHHELD: IMMATERIALITY. Where the court prepared certain special interrogatories, intending to submit them to the jury, and to which reference was made in an instruction given, but through some oversight the jury did not receive them, *held* that defendant was not prejudiced thereby, since, upon examination of the proposed interrogatories, it appears that the answers thereto, however given, would have been immaterial to the issues.

4. **Officer**: MAY CORRECT RETURN ON NOTICE BY HIS EVIDENCE AS A WITNESS. An officer may, as a witness on the stand, correct a statement made by him in his return of the service of a notice.

5. **Practice on Appeal**: CONFLICTING EVIDENCE TO SUSTAIN VERDICT. Where the evidence is conflicting, a verdict will not be disturbed on appeal for the want of evidence to support it.

*Appeal from Jasper Circuit Court.*

THURSDAY, OCTOBER 14, 1886.

ACTION to recover double the value of a horse killed by a train on defendant's railroad, at a point where defendant had failed to build a fence, though it had the right so to do. There was a judgment upon a verdict for plaintiff. Defendant appeals.

*Joseph H. Blair, Anthony C. Daly* and *D. Ryan*, for appellant.

*Winslow & Varnum*, for appellee.

BECK, J.—I. The questions discussed by counsel will be considered in the order of their presentation in the arguments for defendant. Code, § 1289, imposes upon railroads liability for stock injured upon their roads, when unfenced, at points where the right to fence exists, when the injury results by reason of the want of a fence, and is not occasioned by the willful act of the owner. In case the payment is not made after notice and proof of the injury by affidavit, double damages may be recovered. Plaintiff's action is brought under this statute.

Counsel for defendant insist that plaintiff cannot recover for the reason that, as they claim, the horse of plaintiff was

1. RAIL-
ROADS: horse
killed on.
track:
"crazy"
horse: not
struck by
engine.

not killed by reason of the absence of a fence at the place of accident. They ground this proposition upon the facts which they insist are established by the proof, namely, that the horse was "crazy;" that there was nothing to prevent him from leaving the track; that he remained on the track by reason of want of intelligence, running before the engine until he ran into a bridge, which caused the injury; and that the cars did not strike him. We are not prepared to hold that the law is not enacted as well for the protection of "crazy" animals, horses wanting "horse sense," if there be such animals, as for animals of higher intelligence possessing undisturbed the animal instinct to avoid danger. If there be "crazy" horses, we know of no rule of law which declares them to be without value, and subject to destruction without liability therefor; and it would seem that humanity, as well as the rules regulating the rights of property, should provide for their protection. We conclude that a railroad company is required to fence its track for the protection of "crazy" horses as well as for the protection of animals possessing good "horse sense."

If it be assumed that the horse was wanting in natural intelligence, it does not follow that the injury did not result from "the want of a fence." A "crazy" horse would be

kept off of the track by a fence as well as an intelligent one. Injuries to either, where there is no fence, would result from the want of a fence.

II. The fact that the train did not strike the horse does not relieve defendant of liability. See *Kraus v. Burlington, C. R. & N. R'y Co.*, 55 Iowa, 338; *Young v. St. Louis, K. C. & N. R'y Co.*, 44 Id., 172.

III. The court rejected evidence offered by defendant, tending to show the condition of the track, and that there

2. PRACTICE: evidence: error in excluding: admission of facts by other party.

were no obstructions between the place where the horse was when first seen by the engineer and the bridge into which he ran which prevented his escape. The error of this ruling, if it be erroneous, was cured by a written admission, filed after the close of the evidence, fully conceding the facts which defendant offered to prove, and by a correct instruction of the court applicable to such facts. The admission is fully as broad as the offer of proof made by defendant. No prejudice resulted to defendant by the fact that the admission was made at a late stage of the case. Indeed, we think the facts were more strongly and clearly impressed upon the minds of the jury than they would have been had the proof been admitted and the admission withheld.

IV. Certain interrogatories, intended to elicit special findings by the jury, were prepared by the court, and it was

3. ——: instructions: intended special interrogatories by mistake withheld: immateriality.

the purpose to submit them to the jury, and their attention was directed to them by an instruction; but, through some oversight, the jury did not receive them, and of course no special findings were made. Of this defendant now complains. The interrogatories direct answers showing the height of the bridge, the distance the horse was from the engine when first seen by the engineer, the distance it was when it ran into the bridge, the distance the engine was from the bridge when it stopped, and other facts tending to show that there was nothing to prevent the horse escaping from

the track. In our opinion, the judgment should have been the same however the jury may have answered these questions; and, had the court refused to submit the questions to the jury, it would not have been error, for the reason that they were intended to elicit answers upon immaterial matters. The omission to give the questions to the jury was not prejudicial error.

V. Counsel for defendant insist that plaintiff cannot recover double damages, for the reason that a copy of the affidavit proving the injury was served on defend-

*4. OFFICER: may correct return on notice by his evidence as a witness.* ant's agent instead of the original. His position is based upon the return of the constable making the service, in which it is stated that a copy was given to the agent. But the constable testifies as a witness that he served the original. It was competent for him to correct in his evidence the statement of his return.

VI. The circuit court's rulings upon instructions given and refused are in harmony with the foregoing views. Counsel insist that the court erred in refusing an instruction, the first asked by defendant, to the effect that, to entitle plaintiff to recover, he must allege and prove that the horse was running at large at the time of the accident. Without admitting the correctness of plaintiff's position, it may be stated, in reply thereto, that there was ample proof that the horse was running at large, and the petition, in alleging, as it does, that the horse "escaped" upon the railroad track, is, in effect, an allegation that he was running at large. An escaped horse is surely running at large.

VII. Counsel insist that the damages are excessive, claiming that the testimony shows that the horse was without value. But upon this point there was a conflict

*5. PRACTICE on appeal: conflicting evidence to sustain verdict.* of evidence, and we cannot, therefore, interfere. The foregoing discussion disposes of all the questions in the case. The judgment of the circuit court must be

AFFIRMED.