By the Court.—Sedgwick, Ch. J.
The action was for damages for personal injury of the plaintiff.
The plaintiff at the time of the accident, was a brakeman employed by the defendant, who, as a receiver, was operating a railroad in this state. He was upon a train in the course of his employment, when it was thrown from the track, by running against a horse. The plaintiff was thrown from the car on which he was, and severely hurt.
It was proved, as the jury found, that the railroad company bad not maintained fences on the sides of its roads or sufficient cattle guards, as required by the statute that will be referred to, and that the horse had gone upon the *505 track over places where there should have been sufficient fences and cattle guards.
It was claimed on the trial by plaintiff, that not maintaining fences and cattle guards was a neglect on the part of the company which permitted the horse to go upon the track, and that the horse’s being there was the occasion of the train being thrown from the track.
On the hearing of the appeal it was not argued whether or not, if there was a neglect on the part of the company, the accident was the proximate or remote effect of such neglect.
The statute (§ 67, title 15, ch. 18, part 1, R. S., 6 ed.), after declaring that railroad companies shall erect and maintain fences and cattle guards, proceeds as follows: “ and so long as such fences and cattle guards shall not be made, and when not in good repair, such railroad corporation and its agents shall be liable for damages which shall be done, etc., to any cattle, horses, etc., thereon.”
The defendant claimed that as before the statute, the law had not made it the duty of the company to do the things afterward required by the statute, after the statute the only actions upon it were those described therein.
I am of opinion that the position of defendant was valid. It is sustained by the principle that when a statute creates a right which did not exist before, and prescribes the remedy for a violation of it, that remedy must be pursued. Stafford v. Ingersol, 3 Hill 41; Almy v. Harris, 5 John. 175; Langlois v. Buffalo & R. R. R., 19 Barb. 364; Knight v. N. Y., L. E. & W. R. R., 99 N. Y. 25.
The plaintiff assumes that the statute created a duty in relation to him. That assumption is negatived by the statute specifying what the consequences of a violation are to be.
This case is not like instances of a neglect which is a public offence, to the commission of which a penalty is attached. In such cases where the duty is to the public, it has been argued that any one especially injured may have an action. It is not necessary to examine such *506 cases. Nor is it like cases where a neglect to do the things specified by the statute was actionable before the statute was passed; for example, the neglect involved in running at a undue rate.
There are cases in which courts have said that the statute was passed to protect the public and travelers. It will be observed that these cases were upon the statute, and the court ascertained the nature of the action given by it or what corporations were liable to such action. It was held that foreign corporations or domestic corporations running upon leased tracks were liable, or that liability existed for any cattle destroyed, even if they had not come from adjoining land. The result was a construction of the statute itself, from considerations in respect of the public or travelers. This construction made the statute liberal and perhaps wider than it would have been made except for these considerations. There was no attention to anything but the statute liability as expressed. It is consistent with these cases to hold, that the policy or practical object of the legislature, was intended to be guarded by the action expressly given.
The opinion of Judge Denio, in Corwin v. The N. Y. & Erie R. R., 13 N. Y. 52, said very broadly, that he was of opinion that the “ statute imposes a public duty upon the railroad corporation, for a violation of which they are subject to indictment, whether individual interests are affected or not. Having imposed this general and public duty, the legislature has next proceeded to declare some of the consequences of its omission.” The case only concerned these declared consequences, and liability was affirmed because of the expression of the statute and not because of any general duty arising from othe earlier part of the section.
For these reasons I am of opinion that the complaint should have been dismissed at the trial.
Judgment reversed and new trial granted with costs to abide the event.
Freedman and O’Gorman, JJ., concurred.