Hatch, J.
The complaint in this action is predicated upon a negligent omission of duty by defendant by which plaintiff *869 suffered injury. The proof is in harmony with the allegations of the complaint as to the cause of the injury. We are, therefore, confronted with the question, did defendant owe any duty to plaintiff 1o keep its premises and the elevator hole in a more secure condition. Plaintiff was not an employee of defendant, was not upon the premises engaged in any business for defendant; he entered the premises through a passageway not used for that purpose, and was in that portion of the factory from which the public and all persons, except employes of defendant actually engaged in its business, were excluded. Hot only was plaintiff not invited into the factory, but he was there against the express direction of defendant, at a time when the premises were being used in the usual and customary method in which its business was transacted.
Under such circumstances authority is abundant that no duty was imposed upon defendant to guard the elevator hole, or provide other protection for plaintiff, and this is true whether he be considered a mere trespasser, or was there by the sufferance of defendant; being there, he assumed all the risks incident to the surroundings. Victory v. Baker, 67 N. Y., 366; Thompson on Negligence, 308; Cusick v. Adams, 115 N. Y., 55; 23 N. Y. State Rep., 548.
Plaintiff’s position is not aided by the direction given by Scheel; taking plaintiff’s version, denied by Scheel, plaintiff’s witness, it amounted to no more than a direction where Cook could be found; it added "Othing to the obligation of defendant, and it was no assurance to plaintiff of his safety. Larmore v. Crown Point Iron Co., 101 N. Y, 391; 1 N. Y. State Rep., 43.
,, The claim is made, however, that this case is excepted from the operation of the foregoing rule, for the reason that defendant was subject to a statutory duty which required the protection of the elevator hole. The statute relied upon is chap. 462, § 8, Laws 1887. We think this statute has no application to the present" case. Its preamble reads: “An act to regulate the employment of women and children in manufacturing establishments, and to provide for the appointment of inspectors to enforce the same.” Plaintiff is certainly not embraced within the class of persons contemplated by the preamble, and the act itself shows that it is limited in its operation to such persons as are employed in the establishment, and is so expressed in section 8. It was not designed to embrace persons who should go upon the premises without invitation or business; consequently it imposed no obligation or duty upon defendant with respect to such persons. Knight v. N. Y., L. E. & W. R. R. Co., 99 N. Y., 25; Graham v. President, etc., D. & H. C. Co., 46 Hun, 386; 12 N. Y. State Rep., 390.
In no view of the case does plaintiff show himself entitled to recover. The exceptions are, therefore, overruled, motion denied, and judgment ordered for defendant.
Beckwith, Oh. J., concurs; Titus, J., did not sit.