Sinard v. Railroad.

SINARD v. RAILROAD.

(*Knoxville.* October 5, 1898.)

RAILROADS. *Not liable for loss of mare falling into cut.*

Neither at common law nor under the Act of 1891, requiring the fencing of railroad tracks, is a railroad company liable for the loss of a mare that, on account of her blindness, was killed by falling into an unfenced cut through the owner's pasture field, made in the original construction of the road thirty years before.

Acts construed: Acts 1891, Ch. 101.

Cases cited: Railroads v. Crider, 91 Tenn., 489; 50 Conn., 128 (S. C., 13 Am. & Eng. R. R. Cas., 589); 34 W. Va., 45.

FROM JEFFERSON.

Appeal in error from Circuit Court of Jefferson County. W. R. HICKS, J.

PARK, KING & PARK for Sinard.

JOUROLMON, WELCKER & HUDSON for Railway.

McALISTER, J. Plaintiff owned a farm in Jefferson County, which was intersected by the Southern Railway. In the original construction of the road a cut was made for the tracks, which left a rather high embankment on either side. The plaintiff turned

a mare into his field to graze, and the animal, being blind, walked over this embankment and was killed. This suit was to recover damages for the loss of the mare. In the Circuit Court verdict and judgment were in favor of the railroad. Plaintiff appealed, and assigns as error the refusal of the trial Judge to charge that it was the duty of the railroad to have fenced this embankment. As already stated, this cut was made in the original construction of the road, and has been in use about thirty years.

It is not insisted that the animal was struck by the locomotive or train of the company, but it is admitted she was killed by the fall. Under the fence statute of 1891, railroad companies maintaining unfenced tracks are made liable for the killing of stock only in cases where the stock is struck, killed, or crippled by the locomotive or cars—that is to say, by a moving engine, car, or train. There was no collision in this case, and hence the statute is inapplicable. Elliott on Railroads, Sec. 1207; *Railroads* v. *Crider*, 91 Tenn., 489. It is insisted, however, that independent of the Act of 1891, it was the duty of the company to have fenced or barricaded this embankment.

We do not concur with counsel in this contention. At common law no duty rested upon a railway company to fence its track, and it was not liable for animals killed or injured upon its track, merely because it failed to erect fences. The over-

Sinard *v.* Railroad.

whelming weight of authority is that the duty to fence exists only as a result of legislative enactment. 3 Elliott on Railroads, Secs. 1180, 1181; *Campbell* v. *New York R. R. Co.*, 50 Conn., 128 (S. C., 13 Am. & Eng. R. R. Cas., 589); *Clark* v. *Ohio R. R. Co.*, 34 W. Va., 45.

Affirmed.