[No. 14385. Department Two. April 26, 1918.]

Charles E. Thayer, *Appellant*, v. Snohomish Logging Company, *Respondent*.[1]

Statutes—Titles and Subjects—Railroads—Fencing Act—Constitutionality. The railway fence act, Rem. Code, §§ 8731, 8732, providing that railroads shall be liable for the injury or killing of stock in any manner by reason of failing to fence the track does not embrace injuries not happening through moving trains, in view of the constitutional requirement that the subject of the act be expressed in the title, and the title of the act, which was an act compelling the fencing of railroad tracks and declaring the law of negligence with regard to stock "injured by railway trains."

Appeal—Review—Theory of Case. Where plaintiff's action was based upon defendant's failure to fence its track and the driving of plaintiff's horse upon a bridge where it was killed by a moving train, which was wholly unsupported by evidence, the theory cannot be changed on appeal to a claim of liability for injury to the horse in falling through the bridge.

Appeal from a judgment of the superior court for Snohomish county, Alston, J., entered May 15, 1917, upon findings in favor of the defendant, in an action for damages for a horse killed by a railway train. Affirmed.

*Louis A. Merrick*, for appellant.

*Cooley, Horan & Mulvihill*, for respondent.

Holcomb, J.—The action is one to recover damages, and the appeal is taken upon the findings of fact, conclusions of law, and judgment. Appellant assigns three

[1]Reported in 172 Pac. 552.

errors: (1) that the conclusions of law do not follow from the findings of fact and are not supported thereby; (2) that the judgment is not supported by the findings of fact; (3) that the conclusions of law and judgment are not supported by the findings of fact.

In the complaint the negligence charged against the respondent is set forth in paragraph 4 as follows:

"That on or about the 5th day of July, 1916, the said horse, because of the neglect of the defendant to fence his right of way along the track of said railway, wandered upon the track and the train of said defendant came along and drove the said horse upon a bridge upon said right of way, and said horse being unable to get over said bridge, the said train struck the horse and killed it, to the damage of the value of $350."

The court found that there was no evidence that a train or other vehicle operated by the defendant struck the horse or frightened or interfered with the horse in any way. Since the evidence is not here, this finding is conclusive upon appellant and upon this court.

Appellant, however, contends that the respondent is liable because of the unfenced right of way and trestle, without any affirmative action upon the part of respondent or its agents, even though there were no trains operated on the road. He argues that the damage suffered by him is the same whether the horse fell through the trestle upon the respondent's right of way which was unfenced, or was killed by collision with a moving train upon the right of way which was unfenced, and that the legislature so intended in enacting §§ 8731 and 8732, Rem. Code. These provisions were taken from the acts of the legislature of 1903 and 1907. The title of the act of 1903, Laws 1903, p. 332, ch. 158, is as follows:

"An act compelling railroads to fence their rights-of-way and to protect the owners of stock injured by

moving railway trains, declaring a law of negligence with regard to stock injured by railway trains.''

Section 3 of that act provides that, in all actions against persons, etc., operating steam railroads, for injuries to stock by collision with moving trains, it is *prima facie* evidence of negligence on the part of such railway to show that the railway track was not fenced with a substantial fence or protected by a suitable cattle guard at the place where the stock was injured or killed. The title of the act of 1907, Laws 1907, p. 169, ch. 88, is as follows:

"An act compelling railroads to fence their rights-of-way and to protect the owners of stock injured by moving railway trains, declaring a law of negligence with regard to stock injured by railway trains.''

This act is the same as the act of 1903, except that it includes electric railroads and trains, while the former refers only to steam railroad trains.

The second section of each of the acts cited provides that every such railroad shall be liable for all damages sustained in the injury or killing of stock in any manner by reason of the failure of such person, company, or corporation to construct and maintain such fence or crossing or cattle guard, etc. This provision of the enactment in question is the basis upon which appellant forms his theory. But the title of each of the two acts referred to "stock injured by moving railway trains," and declared the law of negligence with regard to "stock injured by railway trains." The third section of each of the acts declared the rule of evidence making it *prima facie* evidence of negligence, "for injury to stock by collision with moving railroad trains," if it was shown that the railway track was not fenced with a substantial fence and cattle guard.

The language of an act should be construed in view of its title and lawful purposes, since the subject ex-

pressed in the title fixes a limit upon the scope of the act. *State ex rel. Swan v. Taylor,* 21 Wash. 672, 59 Pac. 489. The object of the constitutional requirement that the subject of an act shall be expressed in its title is that no person may be deceived as to what matters are being legislated upon. *Seymour v. Tacoma,* 6 Wash. 138, 32 Pac. 1077. Therefore, from the title and the third section of each act, we are convinced that it was not the intention of the legislature to declare the law of negligence with regard to stock injured other than when injured in some way by railway trains. Under similar but somewhat broader statutes than ours, there are authorities which hold that, if the right of way was unfenced and the injury was caused by moving railway trains, it would not be necessary that the stock come in actual collision with the moving train, but the moving train would have to have some relation to the injury and damage. Here, under the finding of the court, there was no such relation.

Appellant based his case below upon the specific negligence of the failure of the respondent to fence its right of way, the driving of the horse upon the bridge, the inability of the horse to get over the bridge, and its being struck by the train and killed. This being wholly unsupported by the evidence, as found by the court, appellant would have no right to change its theory in this court in any event. Nonliability in such cases as this and under such statutes is directly and inferentially held in: *Asbach v. Chicago, B. & Q. R. Co.,* 74 Iowa 248, 37 N. W. 182; *Liston v. Central Iowa R. Co.,* 70 Iowa 714, 29 N. W. 445; *Maher v. Winona & St. P. R. Co.,* 31 Minn. 401, 18 N. W. 105; *Chicago, K. & N. R. Co. v. Hotz,* 47 Kan. 627, 28 Pac. 695; *Jimerson v. Erie R. Co.,* 203 N. Y. 518, 97 N. E. 48, 37 L. R. A. (N. S.) 1181; *Knight v. New York, L. E. & W. R. Co.,* 99 N. Y. 25, 1 N. E. 108; *Atchison, T. & S. F. R. Co. v.*

*Edwards,* 20 Kan. 531; *Young v. St. Louis, K. C. & N. R. Co.,* 44 Iowa 172.

The judgment is affirmed.

ELLIS, C. J., MOUNT, MAIN, and CHADWICK, JJ., concur.