HUNT, RESPONDENT *v.* WHITE SULPHUR SPRINGS &
YELLOWSTONE PARK RAILWAY CO., APPELLANT.

(No. 4,799.)

(Submitted May 24, 1922. Decided June 10, 1922.)

[208 Pac. 917.]

*Railroads — Killing   Livestock — Insufficient   'Cattle-guards —
When Company Liable—Complaint—Insufficiency.*

Railroads—Killing Livestock—Common-law Liability.
  1. In the absence of statute so providing, a railroad company is
  not liable for injury to livestock straying upon its right of way
  because of insufficient fencing or cattle-guards, unless caused by
  the negligent acts of its employees.

Negligence—Recovery Limited to Acts Specified.
  2. Where plaintiff in his complaint specifies the particular act of
  negligence relied upon, he can recover for no other act than that
  pleaded.

Railroads—Finding of Injured Animal not Proof of What.
  3. The fact that an animal was found injured upon a railroad
  right of way is not proof that the injury was inflicted by the cars
  or engine of the company.

Same—Killing Livestock—Insufficient Cattle-guards—Complaint—Insufficiency.
  4. Under section 6540, Revised Codes of 1921, a railroad company
  which fails to maintain sufficient cattle-guards is not liable for the
  value of livestock killed or maimed on its right of way unless the
  complaint alleges and the proof shows that the killing or maiming
  was done by its engines or cars, and the absence of such an allega-
  tion renders the complaint insufficient.

Same—Killing Livestock—When Defendant not Liable.
  5. Where the complaint did not allege and the evidence did not
  disclose that a horse which had strayed upon a railroad bridge and
  was found near it with a broken leg had been injured by the
  cars or engine of defendant company, it was not liable in dam-
  ages under an allegation that it had negligently failed to maintain
  sufficient cattle-guards.

Same—Keeping Record-book of Animals Injured—Extent of Company's
Duty.
  6. Where a railroad line passes through a town at which the
  county seat is located and the company there keeps the book re-
  quired by section 6542, Revised Codes of 1921, in which to record
  the description of animals killed or injured and the time and 'place
  of the injury, it is under no obligation to cause a notice to be
  filed with the county clerk designating the station at which it is
  kept, and its omission to do so does not render it liable in dam-
  ages under section 6543.

---

  1. Constitutionality of statutes requiring railroad companies to fence
tracks and build cattle-guards, see notes in 3 **Ann. Cas.** 182; 31
**L. R. A.** (n. s.) 861.

*Appeals from District Court, Meagher County; E. H. Good-man, Judge.*

ACTION by Mark Hunt against the White Sulphur Springs & Yellowstone Park Railway Company. Judgment for plaintiff, and defendant appeals from it and from an order denying a new trial. Reversed and remanded, with directions to dismiss.

*Messrs. Gunn, Rasch & Hall,* for Appellant, submitted a brief; *Mr. E. W. Hall* argued the cause orally.

In the absence of any statute making the railway companies liable for injuries sustained by reason of failure to fence its right of way, and defining what injuries it will be liable for by reason of such failure, it is not liable for injury to stock upon the right of way. Unless the case comes squarely within the provisions of some statute or unless the injury is due to some negligence on the part of the railway company other than the mere failure to maintain a good and sufficient fence or cattle-guards, the railroad company is not liable. (*Todd* v. *Pacific Ry. & N. Co.,* 59 Or. 249, 110 Pac. 391, 117 Pac. 300; *McCook* v. *Bryan,* 4 Okl. 488, 46 Pac. 506; 33 Cyc. 1213.)

The only liability imposed by section 4308, Revised Codes, for failing to fence the right of way is that for stock killed or maimed by engines or cars. Section 4309 also limits the liability imposed by such section to stock run into or over by engines or cars. (*Sinard* v. *Southern Ry. Co.,* 101 Tenn. 473, 48 S. W. 227.)

It appears from the complaint, and is conclusively shown by the testimony, that the horse was not struck and injured by any car or engine, but that in some manner it got upon the right of way and attempted to cross over a bridge and broke its leg. As the complaint does not show that the horse was struck by an engine or cars, it fails to state facts

510   Hunt *v.* White Sulphur Springs etc. Ry. Co.   [June T. '22

[63 Mont. 508.]

sufficient to constitute a cause of action on the grounds of the negligence alleged.

To the same effect as *Sinard* v. *Southern Ry. Co., supra,* see the following cases, where there were fence statutes similar to ours: *Thayer* v. *Snohomish Logging Co.,* 101 Wash. 458, 172 Pac. 552, where a horse got on to a trestle and was injured, but not by any engine or cars; *Todd* v. *Pacific Ry. & Nav. Co., supra,* where a horse was injured in a trestle; *Eggleston* v. *Kansas City Southern Ry. Co.,* 177 Mo. App. 346, 164 S. W. 169, where a cow was found dead in a hole on the right of way, but no signs of having been struck by the train were found upon her; *Missouri, K. & T. Ry. Co.* v. *Lovell* (Tex. Civ.), 179 S. W. 1111, where a horse was injured in a trestle, but not struck by the train; *Ingalsbe* v. *St. Louis-San Francisco Ry. Co.* (Mo. App.), 219 S. W. 1005, where a cow got through the right of way because of a defective fence and was killed from eating green sorghum cane.

*Mr. C. A. Linn,* for Respondent, submitted a brief.

Plaintiff has the right to recover either under section 4308, or under the common-law liability if the circumstances show the common-law liability exists. (*Alexander* v. *Great Northern Ry. Co.,* 51 Mont. 565, L. R. A. 1918E, 862, 154 Pac. 914; *Scheffer* v. *Chicago, M. & St. P. S. Ry. Co.,* 53 Mont. 302, 163 Pac. 565; *Knop* v. *Chicago etc. Ry. Co.,* 57 Mont. 288, 187 Pac. 1020.)

Section 4311 provides for the keeping of a book for keeping a record of stock killed or injured by the railway companies and the filing of a notice in the office of the county clerk and recorder, stating where such book is kept. Section 4312 provides that in case such book is not kept and notice filed the railroad company is liable whether injury occurred through negligence or not. In the case at bar no book was produced, although the superintendent testified that they had a book of some kind. It was not contended though that any notice was ever filed and neither the plain-

tiff nor the public at large knew anything about such a book being kept. Appellant is liable for the *damages even if no negligence had been proved, because of the failure by the appellant to file a notice in the clerk and recorder's office as required by law. (*Dewell* v. *Northern Pac. R. Co.,* 54 Mont. 350, 170 Pac. 753.)

MR. COMMISSIONER COMER prepared the opinion for the court.

Plaintiff brings this action against defendant railway company, alleging that certain cattle-guards on the defendant's railway about two and one-half miles south of White Sulphur Springs, Meagher county, Montana, were not built and maintained in a manner sufficient to prevent cattle and horses from crossing over them, but were negligently allowed and permitted by the defendant to be and remain in such a condition that cattle and horses could freely pass across and over the said cattle-guards at will, and wander in and upon the right of way of the defendant; that on the thirty-first day of December, 1917, a gelding owned by the plaintiff, of the value of $175, lawfully running at large, without any fault of the plaintiff, strayed across one of the defendant's cattle-guards and in and upon the defendant's railroad tracks and right of way, and, being frightened either by the approach of the train or for some other cause, ran down the railroad track in a southerly direction and upon the railroad bridge, breaking one leg, necessitating the killing of the animal; that the injury to the said gelding was caused by the negligence of the defendant in failing to maintain cattle-guards sufficient to prevent the plaintiff's gelding from entering said right of way; that at the time the injury was sustained the defendant had failed to designate some station on its line in said Meagher county at which it would keep a suitable book "for entering the date when and the place where and the description of the stock killed or injured," or to file in the office of the county clerk and recorder of said

county any notice of the station so designated as provided in section 4311, Revised Codes of 1907, now section 6542, Revised Codes of 1921.

The answer of the defendant admits the maintenance of cattle-guards at the points on its lines mentioned by the plaintiff, and that during the month of December, 1917, a gelding got on a bridge on the right of way of the defendant and was injured. Defendant denies the other allegations of the complaint, and denies any liability.

The evidence offered shows that the animal was found on the right of way of the defendant near the bridge, with a broken leg; some blood and hair were found on the bridge; but the evidence does not disclose how the gelding got on the right of way, whether through the fence or gates, which were open, or over the cattle-guards. Defendant moved for a nonsuit at the close of plaintiff's case, which was denied. The case was submitted to the jury, who found for the plaintiff for the value of the gelding, and from the judgment and order refusing a new trial defendant appeals.

Several errors were assigned, but we will consider only the sufficiency of the complaint and the evidence to sustain the verdict. The defendant's contention is that it does not appear from either the evidence or the complaint that the gelding was injured by the engine or cars of the defendant, and that, in the absence of such a showing, there is no liability upon the defendant in this case. This is one of the questions presented upon this appeal.

Under the common law, there is no obligation or duty on [1] the part of the defendant to fence its railroad track so as to prevent animals or livestock from entering thereon. (*Alexander* v. *Great Northern Ry. Co.,* 51 Mont. 565, L. R. A. 1918E, 862, 154 Pac. 914.) If animals escape from the owners' premises, and find their way on to the right of way of a railroad company, and are injured, the railroad company is not liable at common law, unless the injuries inflicted on the animals are the result of wantonness or willfulness on the

part of the railway employees, although the common-law rule has been modified in some jurisdictions so as to make a railway company liable for injuries negligently inflicted upon livestock upon its right of way. (Elliott on Railroads, sec. 1180; *Seaboard Air Line Ry. Co.* v. *Coxetter* (Fla.), 90 South. 469.) Hence there is no liability on the part of the defendant in the case of failure to maintain a proper fence or cattle-guards resulting in injury to plaintiff's gelding, unless the injury resulted from the negligent acts of the defendant's employees, or unless the liability is created by the statute. (33 Cyc. 1170–1213; *Todd* v. *Pacific Ry. & Nav. Co.,* 59 Or. 249, 117 Pac. 300; *McCook* v. *Bryan,* 4 Okl. 488, 46 Pac. 506.)

The complaint does not allege any negligence except failure to [2] maintain the cattle-guards as required by the statute, and the plaintiff is limited to the particular act of negligence charged. So in this case the plaintiff cannot recover except upon the alleged negligence of the company in failing to maintain cattle-guards as required by section 4308, Revised Codes of 1907, now section 6540, Revised Codes of 1921. (*Flaherty* v. *Butte Elec. Ry. Co.,* 40 Mont. 454, 135 Am. St. Rep. 630, 107 Pac. 416.) The evidence does not show any [3–5] negligent acts by defendant, causing the injury. It does not show that the animal was struck by the engine or cars of the defendant; neither does it show the defendant negligently frightened the animal, causing it to run upon the bridge. The fact that the animal was found on the right of way with a broken leg is not proof that it was maimed or injured by the engine or cars of the defendant (*Beaudin* v. *Oregon Short Line R. R. Co.,* 31 Mont. 238, 78 Pac. 303), and, of course no proof that its injury was caused by the negligence of the defendant. Plaintiff relies upon the case of *Alexander* v. *Great Northern Ry. Co., supra,* in support of his position that the duty to fence exists independently of the statute, because of the common-law obligation to exercise ordinary care. However, this case goes no further than to hold that the railroad owes a duty to its employees to exer-

cise ordinary care to provide them with a safe place in which to work. In this case a conductor was killed "as the result of a derailment of his caboose consequent upon a collision of his train with a cow." The negligence charged was the failure of the company to fence its tracks at and near the place of the accident, and thus exclude cattle, the presence of which upon the track was likely to cause derailment of trains. The theory of the court in deciding this case is shown by the following statement in the opinion by Mr. Justice Sanner: "Under such conditions the failure to fence so as to keep out cattle, the consequent straying of the cow upon the track, the consequent running over the cow while on the track, and the consequent derailment of decedent's train, resulting in his death, form a collection of facts which plainly constitute evidence of negligence, making a question for the determination of the jury." An examination of this case will disclose it is not authority for the argument of counsel that the railroad is liable for injury to livestock in the absence of the statute, where there is no showing of negligence.

This brings us to the question of the liability of the defend-[6] ant under the statute. Section 4308, Revised Codes of 1907, now section 6540, Revised Codes of 1921, provides: "Railroad corporations must make and maintain a good and legal fence on both sides of their track and property, and maintain, at all crossings, cattle-guards over which cattle or other domestic animals cannot pass. In case they do not make and maintain such fence and guards, if their engines or cars shall kill or maim any cattle or other domestic animals upon their line of road, they must pay to the owner of such cattle or other domestic animals, in all cases, a fair market price for the same, unless it occurred through the neglect or fault of the owner of the animal so killed or maimed: Provided, that nothing herein shall be construed so as to prevent any person or persons from recovering damages from any railroad corporation for its negligent killing or injury to any cattle, or other

domestic animals, at spurs, sidings, Y's, crossings, and turn-tables."

This section was adopted from California. It first appears as section 950 in our Civil Code of 1895. It was construed in *Beaudin* v. *Oregon Short Line R. R. Co., supra,* and was carried forward with some amendments to the Code of 1907 (*Knop* v. *Chicago M. & St. P. Ry.,* 57 Mont. 288, 187 Pac. 1020), and is now section 6540, Revised Codes of 1921. A careful examination of this section discloses that it was the intention of the legislature, in enacting this law, to make the railroad company liable for the value of livestock killed and maimed by the engine or cars of the company, unless the injury occurred through the fault of the owner, if the company does not maintain fences or cattle-guards as required by the Act. The law imposes a duty on the railroad to maintain such fences and cattle-guards and makes the company liable for failure to do so, if the animal is killed or maimed by the engine or cars of the company; but it will be noted that no other penalty is imposed or other liability created by this statute. In *Beaudin* v. *Oregon Short Line R. R. Co., supra,* with reference to this section, the court said: "We shall therefore construe the first part of section 950 according to its evident intended meaning, and hold that it applies only to stock belonging to the owner or one in possession of land along or through which the railroad passes, which has been killed or maimed by the engines or cars of the company upon that part of its road, said road being unfenced, or insufficiently fenced."

Neither the evidence nor the pleadings in this case show the injury to the animal was caused by the engine or cars of the defendant, and we are of the opinion that the facts shown are not sufficient to establish the liability of the defendant in this case, under said section 6540. (*Thayer* v. *Snohomish Logging Co.,* 101 Wash. 458, 172 Pac. 552; *Missouri, K. & T. R. Co.* v. *Lovell* (Tex. Civ. App.), 179 S. W. 1111; Elliott on Railroads, sec. 1207; *Sinard* v. *Southern Ry. Co.,* 101 Tenn. 473, 48 S. W. 227; *Lafferty* v. *Hannibal & St. Joseph Ry. Co.,* 44

Mo. 291; *Eggleston* v. *Kansas City So. Ry. Co.,* 177 Mo. App. 346, 164 S. W. 169; 33 Cyc. 1184.)

In *Missouri, K. & T. Ry. Co.* v. *Lovell, supra,* the statute fixing the liability of the company is as follows: "Each and every railroad company shall be liable to the owner for the value of all stock killed or injured by the locomotives and cars of such railroad company in running over their respective railways, which may be recovered by suit before any court having competent jurisdiction of the amount. Such liability shall also exist in counties and subdivisions of counties which adopt the stock law prohibiting the running at large of horses, mules, jacks, jennets and cattle: Provided, however, that in all cases, if the railroad company fence its road, it shall only be liable for injury resulting from a want of ordinary care." It was held in this case that, where an animal attempted to cross over a bridge of the company and was injured, there was no liability under this section on the part of the company in favor of the owner of the animal for the value of the animal. We are therefore of the opinion that neither at common law nor under the statute in this state is there any liability on the part of the defendant upon these facts.

This leaves for consideration the question whether or not [6] the defendant is liable under section 6542, Revised Codes of 1921. The evidence shows that a book was kept as required by said section 6542; but it does not show that any notice of designation was filed with the clerk and recorder at the time of the injury. Plaintiff contends that, since there is no showing that a notice of the station designated by the company was filed with the county clerk, the company is therefore liable for the damages as provided in section 6543. Section 6542 requires a railroad company to designate some station on its line of railroad in each county through which it passes at which it shall keep a suitable book for the inserting therein of a description of animals killed or injured, and the time and place of the injury, and that the company shall cause a notice of the

station so designated to be filed with the county clerk of the county in which said station is situated, "provided that when such railroad or branch thereof shall run to or through any town or station at which is located the county seat of any county, then such book shall be kept at such town or station at which said county seat is located. * * * " Section 6543 provides that, if section 6542 is not complied with, the railroad "shall be liable to the owner or owners of the animal or animals so killed or injured, whether negligently done or not. * * * " The liability of the defendant cannot be maintained under these sections.

Section 6542 requires the book to be kept at the county seat of the county if the railroad runs to or through the county seat. The railroad company in such a case has no authority to designate the place where the book shall be kept. The law makes the designation; no notice of designation is required. Hence, no duty rests upon the company to file a notice. It is conceded in this case that the defendant railroad runs to the county seat of said county, and therefore defendant was not obliged to file any notice with the county clerk of said county; but, if it did not run to or through the county seat, then it would undoubtedly be the duty of the company to designate the place of keeping the book, and file notice with the clerk showing the place designated by the company.

However, as to whether there would be any liability under the facts in this case for the value of the gelding injured, if there had been a failure to comply with section 6542, we do not decide, as a determination of that question is not necessary to a disposition of this case.

We are of the opinion that the complaint fails to state facts sufficient to constitute a cause of action, and that the evidence is insufficient to support the verdict. We therefore recommend that the judgment and order appealed from be reversed and the cause remanded to the district court, with instructions to dismiss the action.

PER CURIAM: For the reasons given in the foregoing opinion the judgment and order appealed from are reversed, and the cause is remanded to the district court, with instructions to dismiss the action.

*Reversed.*

