FABERT, RESPONDENT, *v.* NORTHERN PACIFIC RAILWAY CO. ET AL., APPELLANTS.

(No. 5,994.)

(Submitted November 12, 1926. Decided November 27, 1926.)

[251 Pac. 546.]

*Railroads—Killing of Livestock—Failure to Fence Right of Way — Complaint — Insufficiency —.Negligence — Proximate Cause of Injury — Failure of Proof — Verdicts — Evidence Based upon Conjectures Insufficient.*

Railroads — Killing of Livestock — Failure to Fence Right of Way— When Complaint Insufficient.

1.   Where injury to livestock was not occasioned by reason of the nonexistence of a fence inclosing defendant railway company's tracks, but, as alleged in the complaint, was caused by its employees in driving them away from the tracks into an inclosure where there was no water, the complaint in so far as it relied upon failure to fence did not state a cause of action under section 6540, Revised Codes of 1921.

Negligence—Proof—Proximate Cause of Injury must be Shown. ,

2.   In order to justify recovery in an action based upon negligence, plaintiff must not only prove negligence by competent evidence but also that such negligence proximately resulted in damage to him.

Verdicts Based upon Conjectures—Reversal of Judgment.

3.   A verdict based upon conjecture, or upon suspicion, no matter how well grounded, will not be permitted to stand.

---

2.   See 20 R. C. L. 194.
3.   See 2 R. C. L. 197.

[77 Mont. 446.]

Railroads—Injury to Livestock—Proximate Cause of Injury—Evidence
—Insufficiency.

4. Evidence in an action to recover damages for injury to cattle claimed to have been driven into an inclosure away from defendant company's railway tracks where, because of absence of water, they died or were injured, *held* insufficient to show that defendant's employees drove them there or that the tract was entirely inclosed, and insufficient to show the proximate cause of the injury to the cattle.

[1]  Railroads, 33 Cyc., p. 1261, n. 64.
[2–4]  Appeal and Error, 4 C. J., sec. 2835, p. 856, n. 88.  Evidence, 23 C. J., sec. 1795, p. 52, n. 80, 81.  Negligence, 29 Cyc., p. 488, n. 29; p. 600, n. 56.  Railroads, 33 Cyc., p. 1261, n. 64; p. 1273, n. 4, 8, 9; p. 1290, n. 1; p. 1293, n. 21 New; p. 1303, n. 28.

*Appeal from District Court, Sanders County; James M. Self, Judge.*

· ACTION by Louis Fabert against the Northern Pacific Railway Company and another.  From a judgment for plaintiff in the justice court, an appeal was taken to the district court, where it was tried *de novo.*  From a judgment in the district court for plaintiff, defendants appeal.  Reversed and remanded, with direction to dismiss complaint.

Cause submitted on brief of Appellants.

*Mr. A. A. Alvord, Mr. Milton C. Gunn* and *Messrs. Gunn, Rasch & Hall,* for Appellants.

No appearance in behalf of Respondent.

MR. JUSTICE GALEN delivered the opinion of the court.

This action was instituted by the plaintiff to recover from the defendants the sum of $100 for the death of a cow and $20 for injury to her calf, alleged to have been occasioned by reason of defendants' negligence.  It was originally instituted in the justice court, and, upon issue joined, was tried therein and resulted in judgment in plaintiff's favor for the sum of $110 and costs.  Upon appeal it was tried *de novo* in the district court to a jury.  A motion for a nonsuit and also one for

a directed verdict were denied. Verdict was rendered in plaintiff's favor for the sum of $60. Judgment was entered upon the verdict, and this appeal is from such judgment.

Several alleged errors are assigned as grounds for reversal, but one of which need be considered in disposition of this appeal, *viz.:* Did the court err in denying the defendants' motion for a directed verdict?

In the plaintiff's complaint it is alleged that on October 8, 1925, he was the owner of a cow of the value of $100 and of a calf of the value of $35, which were running at large in Sanders county; that it was the duty of the defendant Northern Pacific Railway Company to maintain a good and legal fence along its right of way, so as to prevent stock running at large from straying on to its tracks, and to maintain at all crossings cattle-guards over which cattle and other domestic animals could pass; that between Belknap and Trout Creek, a distance of about fifteen miles, defendant company disregarded such duty, and carelessly and negligently permitted and allowed the fence along its right of way to become out of repair and to fall down, so that it was not a legal fence and not sufficient to guard the railroad track and right of way thereof from livestock straying thereon, and that for at least five miles between the points mentioned the defendant company failed to provide any fence or cattle-guards whatsoever, thereby permitting its right of way to be entirely open so as to permit livestock to enter thereon; that such conditions were known to the defendant company, or in the exercise of any diligence whatsoever should have been known to it; that on October 8, 1925, the plaintiff's cow and calf, without his knowledge or fault, strayed on the right of way of the defendant company a short distance from the station of White Pine; that the defendant S. Matini was at all of the times mentioned employed by the defendant company as its section foreman, and as such it was his duty to repair and look after the fences and cattle-guards of the railroad, and that he "was authorized to take care of loose

stock that might stray in and upon the right of way" of the defendant company; that on the date stated the defendants drove the cow and calf off the right of way and did then "carelessly, negligently, wrongfully, and without cause or reason drive" them into an adjoining parcel of land, "which tract of land was entirely fenced with a fence which would and did hold livestock therein, and in which there was no water whatsoever," and that the defendants, after so driving such cow and calf into such inclosure, shut the gate to the same, so that it was impossible for livestock therein to get out; "that the defendants knew that such field or tract of land was fenced and knew that there was no water therein, and that, if said cow and calf were placed therein and the gate closed so that they could not get out, the stock would in due time perish and die of thirst, or by the exercise of reasonable diligence might have known such facts and conditions; that, as a result of the negligent, careless and wrongful acts of the defendants in driving and placing said stock in said tract of land and closing the gate to said field and leaving said cow and calf therein, the said cow and calf remained in said place for several days, and finally the cow died for want of water and the said calf was so injured from the fact that it had no water or other drink that it could scarcely walk, and will never regain its normal strength, and will be stunted and of little value or worth; that by the death and loss of said cow and the injury sustained to said calf, as a result of the careless, negligent and wrongful acts of defendants, the plaintiff has been and is damaged in the sum of $120." Issue was joined by an answer, comprising in substance a general denial. At the outset of the trial, an objection to the introduction of any testimony, on the ground that the complaint failed to state a cause of action, was denied. The alleged actionable negligence of the defendants, resulting in plaintiff's damage, appears from the allegations of the complaint to be predicated (1) upon the failure of the defendant company to erect and maintain a good and legal fence on both

sides of its track along its right of way; and (2) the driving of the cattle from the right of way of the defendant company into an inclosed field wherein there was no water.

The statute (sec. 6540, Rev. Codes 1921) requires railroads [1] to fence their tracks and maintain the same so as to avoid injury to cattle or other domestic animals, and provides that, if such fences are not erected and maintained, such railroads must pay to the owner of livestock killed or maimed by engines or cars operated over their tracks, except in cases where the loss is occasioned through the owner's neglect or fault. It is in derogation of the common law (*Hunt* v. *White Sulphur Springs Ry. Co.*, 63 Mont. 508, 208 Pac. 917), but, since the injury to plaintiff's cattle, of which complaint is made, was not occasioned by reason of the nonexistence of a fence inclosing the tracks of the defendant company, this feature of the case may be eliminated from consideration. As to this phase of the case the complaint fails to state a cause of action.

Respecting the alleged negligence of the defendants in driv- [2–4] ing the cattle from the railroad right of way to an inclosure where there was no water, in consequence whereof the cow died of thirst and the calf was injured, the evidence introduced by the plaintiff in support of his case was not sufficient to go to the jury, and the defendants' motion for a nonsuit should have been granted. The defendants' evidence in no manner tended to better the plaintiff's case. No useful purpose can be here subserved by a review of the evidence. Suffice it to say that the cause of the cow's death and of the injury to the calf is not shown, nor does it appear that either the cow or the calf were driven by the defendants, or either of them, into the field where the cow was found dead, nor that the tract of land upon which the cow was found dead was in fact entirely inclosed. From all that appears from the proof the cow may have strayed upon the tract of land where she was found dead, and there died from natural causes. From a review of the evidence, it is impossible to determine the proximate cause of the death of the plaintiff's cow or of the injury sustained by his

calf.. Therefore the court erred in submitting the case to the jury. In order to justify a recovery, the plaintiff was required to establish by competent proof the defendants' negligence, and that such negligence proximately resulted in his damage. A verdict cannot be permitted to stand upon mere conjecture, nor upon suspicion, however well grounded. (*Varn* v. *Butte Electric Ry. Co., ante,* p. 124, 249 Pac. 1070.)

The judgment is reversed and the cause is remanded to the district court of Sanders county, with directions to dismiss the complaint.

*Reversed and remanded.*

MR. CHIEF JUSTICE CALLAWAY, ASSOCIATE JUSTICES STARK and MATTHEWS and HONORABLE HENRY G. RODGERS, District Judge, sitting in place of MR. JUSTICE HOLLOWAY, absent on account of illness, concur.